## MOULTON vs. KERSHAW and another.

*December 15, 1883 — January 8, 1884.*

CONTRACTS. *(1) Parol evidence to add to terms of writing. (2) Sale of chattels: Offer to sell or mere advertisement?*

1. Written communications cannot be added to by parol evidence of additional facts so as to make a contract not expressed therein.

2. The defendants wrote to the plaintiff as follows: "In consequence of a rupture in the salt trade, we are authorized to offer Michigan fine salt in full car-load lots of eighty to ninety-five bbls., delivered in your city, at 85c. per bbl., to be shipped per C. & N. W. R. R. Co. only. At this price it is a bargain, as the price in general remains unchanged. Shall be pleased to receive your order." On the following day the plaintiff telegraphed: "Your letter of yesterday received and noted. You may ship me 2,000 barrels Michigan fine salt, as offered in your letter. Answer." *Held*, that the letter and telegram did not constitute a contract. The letter was in the nature of an advertisement, and was not an offer by which, if accepted, the defendants were to be bound.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"The complaint alleges that the defendants were dealers in salt in the city of Milwaukee, including salt of the Mich-

igan Salt Association; that the plaintiff was a dealer in salt in the city of La Crosse, and accustomed to buy salt in large quantities, which fact was known to the defendants; that on the 19th day of September, 1882, the defendants, at Milwaukee, wrote and posted to the plaintiff at La Crosse a letter, of which the following is a copy:

"'MILWAUKEE, September 19, 1882.

"'*J. H. Moulton, Esq., La Crosse, Wis.*— DEAR SIR: In consequence of a rupture in the salt trade, we are authorized to offer Michigan fine salt, in full car-load lots of eighty to ninety-five bbls., delivered at your city, at 85c. per bbl., to be shipped per C. & N. W. R. R. Co. only. At this price it is a bargain, as the price in general remains unchanged. Shall be pleased to receive your order.

"'Yours truly,        C. J. KERSHAW & SON.'

"The balance of the complaint reads as follows: 'And this plaintiff alleges, upon information and belief, that said defendants did not send said letter and offer by authority of, or as agents of, the Michigan Salt Association, or any other party, but on their own responsibility. And the plaintiff further shows that he received said letter in due course of mail, to wit, on the 20th day of September, 1882, and that he, on that day, accepted the offer in said letter contained, to the amount of two thousand barrels of salt therein named, and immediately, and on said day, sent to said defendants at Milwaukee a message by telegraph, as follows:

"'LA CROSSE, September 20, 1882.

"'*To C. J. Kershaw & Son, Milwaukee, Wis.:* Your letter of yesterday received and noted. You may ship me two thousand (2,000) barrels Michigan fine salt, as offered in your letter. Answer.        J. H. MOULTON.'

"'That said telegraphic acceptance and order was duly received by said defendants on the 20th day of September, 1882, aforesaid; that two thousand barrels of said salt was a reasonable quantity for this plaintiff to order in response

to said offer, and not in excess of the amount which the defendants, from their knowledge of the business of the plaintiff, might reasonably expect him to order in response thereto.

" ' That although said defendants received said acceptance and order of this plaintiff on said 20th day of September, 1882, they attempted, on the 21st day of September, 1882, to withdraw the offer contained in their said letter of September 19, 1882, and did, on said 21st day of September, 1882, notify this plaintiff of the withdrawal of said offer on their part; that this plaintiff thereupon demanded of the defendants the delivery to him of two thousand barrels of Michigan fine salt, in accordance with the terms of said offer, accepted by this plaintiff as aforesaid, and offered to pay them therefor in accordance with said terms, and this plaintiff was ready to accept said two thousand barrels, and ready to pay therefor in accordance with said terms. Nevertheless, the defendants utterly refused to deliver the same, or any part thereof, by reason whereof this plaintiff sustained damage to the amount of eight hundred dollars.

" ' Wherefore the plaintiff demands judgment against the defendants for the sum of eight hundred dollars, with interest from the 21st day of September, 1882, besides the costs of this action.'

" To this complaint the defendants interposed a general demurrer. The circuit court overruled the demurrer, and from the order overruling the same the defendants appeal to this court."

*Benj. K. Miller*, of counsel, for the appellants, cited: 1 Parsons on Con. (1857), 400; 1 Wharton on Con., 43, sec. 18; Anson on Con. (2d Eng. ed.), 15, 23; 1 Addison on Con. (3d Am. ed.), par. 20 *ad fin.; Beaupre v. P. & A. Tel. Co.*, 21 Minn., 155; *Kinghorne v. Montreal Tel. Co.*, U. C. 18 Q. B., 60; *S. C.*, Allen's Tel. Cas., 98; *Lyman v. Robinson*, 14 Allen, 254; *Ridgway v. Wharton*, 6 H. L. Cas., 304; *Sour-*

*wine v. Truscott,* 17 Hun, 432; *Greve v. Ganger,* 36 Wis., 371.

For the respondent there was a. brief by *Jenkins, Winkler & Smith,* and oral argument by *Mr. Winkler.* They cited: *Keller v. Ybarru,* 3 Cal., 147; *Great Northern R'y Co. v. Witham,* L. R. 9 C. P., 16; *Cherry v. Smith,* 3 Humph., 19; *Highlands C. & M. Co. v. Mathews,* 76 N. Y., 145; *Washburn v. Fletcher,* 42 Wis., 152; *Cheney v. Cook,* 7 id., 413.

TAYLOR, J. The only question presented is whether the appellants' letter, and the telegram sent by the respondent in reply thereto, constitute a contract for the sale of 2,000 barrels of Michigan fine salt by the appellants to the respondent at the price named in such letter.

We are very clear that no contract was perfected by the order telegraphed by the respondent in answer to appellants' letter. The learned counsel for the respondent clearly appreciated the necessity of putting a construction upon the letter which is not apparent on its face, and in their complaint have interpreted the letter to mean that the appellants by said letter made an express offer to sell the respondent, on the terms stated, such reasonable amount of salt as he might order, and as the appellants might reasonably expect him to order, in response thereto. If in order to entitle the plaintiff to recover in this action it is necessary to prove these allegations, then it seems clear to us that the writings between the parties do not show the contract. It is not insisted by the learned counsel for the respondent that any recovery can be had unless a proper construction of the letter and telegram constitute a binding contract between the parties. The alleged contract being for the sale and delivery of personal property of a value exceeding $50, is void by the statute of frauds, unless in writing. Sec. 2308, R. S. 1878.

The counsel for the respondent claims that the letter of

the appellants is an offer to sell to the respondent, on the terms mentioned, any reasonable quantity of Michigan fine salt that he might see fit to order, not less than one car-load. On the other hand, the counsel for the appellants claim that the letter is not an offer to sell any specific quantity of salt, but simply a letter such as a business man would send out to customers or those with whom he desired to trade, soliciting their patronage. To give the letter of the appellants the construction claimed for it by the learned counsel for the respondent, would introduce such an element of uncertainty into the contract as would necessarily render its enforcement a matter of difficulty, and in every case the jury trying the case would be called upon to determine whether the quantity ordered was such as the appellants might reasonably expect from the party. This question would necessarily involve an inquiry into the nature and extent of the business of the person to whom the letter was addressed, as well as to the extent of the business of the appellants. So that it would be a question of fact for the jury in each case to determine whether there was a binding contract between the parties. And this question would not in any way depend upon the language used in the written contract, but upon proofs to be made outside of the writings. As the only communications between the parties, upon which a contract can be predicated, are the letter and the reply of the respondent, we must look to them, and nothing else, in order to determine whether there was a contract in fact. We are not at liberty to help out the written contract, if there be one, by adding by parol evidence additional facts to help out the writing so as to make out a contract not expressed therein. If the letter of the appellants is an offer to sell salt to the respondent on the terms stated, then it must be held to be an offer to sell any quantity at the option of the respondent not less than one car-load. The difficulty and injustice of construing the letter into such an offer is

so apparent that the learned counsel for the respondent do not insist upon it, and consequently insist that it ought to be construed as an offer to sell such quantity as the appellants, from their knowledge of the business of the respondent, might reasonably expect him to order.

Rather than introduce such an element of uncertainty into the contract, we deem it much more reasonable to construe the letter as a simple notice to those dealing in salt that the appellants were in a condition to supply that article for the prices named, and requesting the person to whom it was addressed to deal with them. This case is one where it is eminently proper to heed the injunction of Justice FOSTER in the opinion in *Lyman v. Robinson*, 14 Allen, 254: "That care should always be taken not to construe as an agreement letters which the parties intended only as preliminary negotiations."

We do not wish to be understood as holding that a party may not be bound by an offer to sell personal property, where the amount or quantity is left to be fixed by the person to whom the offer is made, when the offer is accepted and the amount or quantity fixed before the offer is withdrawn. We simply hold that the letter of the appellants in this case was not such an offer. If the letter had said to the respondent we will sell you all the Michigan fine salt you will order, at the price and on the terms named, then it is undoubtedly the law that the appellants would have been bound to deliver any reasonable amount the respondent might have ordered, possibly any amount, or make good their default in damages. The case cited by the counsel decided by the California supreme court *(Keller v. Ybarru*, 3 Cal., 147) was an offer of this kind with an additional limitation. The defendant in that case had a crop of growing grapes, and he offered to pick from the vines and deliver to the plaintiff, at defendant's vineyard, so many grapes then growing in,

said vineyard as the plaintiff should wish to take during the present year at ten cents per pound on delivery. The plaintiff, within the time and before the offer was withdrawn, notified the defendant that he wished to take 1,900 pounds of his grapes on the terms stated. The court held there was a contract to deliver the 1,900 pounds. In this case the fixing of the quantity was left to the person to whom the offer was made, but the amount which the defendant offered, beyond which he could not be bound, was also fixed by the amount of grapes he might have in his vineyard in that year. The case is quite different in its facts from the case at bar.

The cases cited by the learned counsel for the appellants, (*Beaupre v. P. & A. Tel. Co.*, 21 Minn., 155, and *Kinghorne v. Montreal Tel. Co.*, U. C. 18 Q. B., 60), are nearer in their main facts to the case at bar, and in both it was held there was no contract. We, however, place our opinion upon the language of the letter of the appellants, and hold that it cannot be fairly construed into an offer to sell to the respondent any quantity of salt he might order, nor any reasonable amount he might see fit to order. The language is not such as a business man would use in making an offer to sell to an individual a definite amount of property. The word "sell" is not used. They say, "we are authorized to offer Michigan fine salt," etc., and volunteer an opinion that at the terms stated it is a bargain. They do not say, we offer to sell to you. They use general language proper to be addressed generally to those who were interested in the salt trade. It is clearly in the nature of an advertisement or business circular, to attract the attention of those interested in that business to the fact that good bargains in salt could be had by applying to them, and not as an offer by which they were to be bound, if accepted, for any amount the persons to whom it was addressed might see fit to order. We

think the complaint fails to show any contract between the parties, and the demurrer should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.