(96 App. Div. 535.)

JOHN SINGLE PAPER CO., Limited, v. HAMMERMILL PAPER CO.

(Supreme Court, Appellate Division, Fourth Department. July, 1904.)

1. SALE—CONTRACT—WHEN COMPLETE.
    Where an order for paper was given by a jobber to a paper manufacturer, which, as signed and executed, specified the amount and quality of paper to be furnished, the price and terms of payment, with other details, the contract was not rendered indefinite in its substantial provisions because plaintiff was left in the future to furnish details as to size of the sheets and the weight.

2. SAME—ACCEPTANCE—EVIDENCE—SUFFICIENCY. ·
    In an action for damages for breach of contract to sell and deliver paper, evidence examined, and *held* sufficient to sustain a finding that defendant had accepted plaintiff's order for the paper.

3. SAME—CANCELLATION.
    A contract to sell and deliver paper, left open to plaintiff to furnish details as to size and weight of the paper, which plaintiff did, but in so doing put at the end of the specifications, "Terms 3 per cent. cash in 30 days," whereas the contract was for 2 per cent. *Held*, defendant was not justified in canceling the order on receipt of the specifications merely because of the mistake, aside from the fact that plaintiff thereafter corrected the error.

Appeal from Judgment on Report of Referee.

Action by the John Single Paper Company, Limited, against the Hammermill Paper Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and HISCOCK, JJ.

Frank Hopkins, for appellant.
J. L. Cheney, for respondent.

HISCOCK, J. Defendant is a manufacturer of wrapping paper, and plaintiff is a jobber thereof. The latter brought this action seeking to recover damages for an alleged breach of contract by the defendant to sell and deliver at an agreed price 50 tons of sulphite

manilla paper.   There was practically no dispute about what occurred between the parties with reference to the subject involved in this litigation, most of the communications being in writing.   The learned referee, as matters of fact and in terms, found the various communications which occurred, and then, in substance, decided as matter of law that plaintiff within the required time failed to furnish defendant with proper specifications of the paper to be furnished under the order theretofore given, and that for this reason defendant was justified in refusing to fill plaintiff's order.   We think that the referee erred in these conclusions, and that the judgment must be reversed.

As the evidence indicates and as the referee found, amongst other things, upon November 25, 1899, defendant's agent called upon plaintiff and solicited an order for wrapping paper.   Their conversation resulted in a written order by plaintiff for 50 tons of No. 1 sulphite manilla upon a certain basis of weight at three cents per pound. Provision was made therein for mailing specifications for the first car during the next week (this order being made upon Saturday), and the balance December 15th.   The terms were "2% cash in 30 days."   There were various other provisions which are not material to this discussion.   Defendant's agent assured plaintiff's representative that "there would be no question about the acceptance of the order as made up," and he took the written order, and upon the following Monday delivered it to defendant, who thereafter retained it. Defendant did not, as requested in the order, "acknowledge" its acceptance by return mail, but, in addition to retaining the paper, had correspondence with plaintiff with reference to furnishing samples of the sulphite manilla desired, and under date of November 29th advised plaintiff that it would be glad to receive specifications on its order at its earliest convenience.   Also later, when it sought to terminate its relations with plaintiff with reference to the paper in question, it attempted to "cancel," and not to reject or refuse to accept, its offer, thereby permitting the legitimate inference that it regarded itself as having received and accepted the original order.   December 2d defendant assumed the attitude of canceling plaintiff's order because the latter had not in due time furnished specifications for the paper to be supplied.   Upon the same date plaintiff mailed to defendant specifications for the paper called for by the original order. Notwithstanding the position taken by defendant in its letter of attempted cancellation just referred to, these specifications were furnished within the time provided by the original order or contract, and, as the evidence shows and the referee has found, were proper in form and substance except in one respect.   At the end they contained the clause, "Terms 3% cash in 30 days."   These purported terms were not in accordance with the contract between the parties as agreed upon in the original negotiations and as stated in the original order.   Upon receipt of the specifications upon December 4th defendant wrote to plaintiff in substance reiterating its claim that the latter had been tardy in furnishing specifications, and also taking the further position that the terms of 3 per cent. cash in 30 days were not in accordance with the arrangement between the parties, and there-

fore could not be considered. In answer to the latter suggestion upon December 6th plaintiff wrote that the insertion of the erroneous terms in the specifications was an error upon the part of the stenographer, and authorizing defendant to correct the same so as to comply with the original contract, and insisting upon shipment of the paper at once, etc. We think that the order given by plaintiff to defendant, if and when accepted, constituted a complete and binding contract between the parties, subject to the right of defendant to cancel the same if plaintiff did not within due time furnish the necessary and proper specifications. The order which plaintiff signed and executed specified the amount and general kind and quality of paper to be furnished, the price, and the terms of payment, with other details relating to shipment and delivery. The specifications which were to be furnished related only to the details of size and weight of the paper which was to be supplied. These details were limited, and, as found by the referee, related to the size and consequent weight of the sheets. It was not intended that they should affect either the general character, quality, or price of the paper, and there is no sufficient evidence or finding by the referee that the specifications in these respects violated any of the agreements or negotiations of the parties. In our opinion, the contract was not rendered incomplete or indefinite in its substantial provisions and requirements because plaintiff was left in the future to furnish these details of size and weight.

We are also of the opinion that the facts and circumstances already referred to furnish sufficient evidence upon which a court might base a finding that defendant did accept this order. The referee has not specifically found upon this point, but he seems to have assumed that there was such acceptance, simply concluding as matter of law that defendant afterwards became justified in canceling the order and in refusing to fill the same.

We therefore come, lastly, to the consideration of the conclusion reached that defendant was so justified in canceling or rejecting the contract because of the insertion in the specifications of a statement of erroneous terms. It does not seem to us that this statement would have prevented defendant from enforcing against plaintiff the terms specified in the original order, and that it did not authorize the defendant to reject or cancel the contract, and that this is so independent of the correction immediately made by plaintiff in this part of its specifications. It was not intended that the specifications should deal with the terms of payment. It was their office simply to describe the details of the paper which was to be shipped by defendant. The price and terms of payment were fully agreed upon and fixed in the original order. That order provided for the specifications which were subsequently sent, and entirely repelled the idea that any terms of payment were left to be fixed by them. We think that defendant upon receipt of the specifications would have had a perfect right to supply the paper under the original order and terms of payment therein provided, and to notify plaintiff of its refusal to abide by the different and contradictory and unauthorized terms fixed in the specifications. This being so, it was error for the court to

release defendant from its contract and dismiss plaintiff's complaint. The judgment appealed from should be reversed on the law and the facts, and a new trial ordered before another referee, with costs to appellant to abide event.

Judgment reversed, and new trial granted upon questions of law and of fact, with costs to appellant to abide event.   All concur.