STEIN-GRAY DRUG CO. v. H. MICHELSEN CO.

(Municipal Court of City of New York, Borough of Manhattan, First District.
April 28, 1909.)

1. CONTRACTS (§ 19*)—OFFER AND ACCEPTANCE—PROPOSAL BY MAIL.

Where an offer is made by mail, and an acceptance posted, the contract is complete; a withdrawal of the offer being ineffective, unless received before the mailing of the acceptance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 57–60; Dec. Dig. § 19.*]

2. CONTRACTS (§ 2*)—OFFER AND ACCEPTANCE—WHAT LAW GOVERNS.

An acceptance of an offer by letter, or by telegraph, if the latter is a proper means of communication and reaches the party to whom it is sent, is governed by the law of the place where the acceptance is dispatched.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 2, 41; Dec. Dig. § 2.*]

3. SALES (§ 32*)—CONTRACT—OFFER AND ACCEPTANCE—PROPOSAL.

A proposal by letter to sell merchandise, in order to ripen into a contract on acceptance, must leave nothing further to be done by the proposer when the acceptance is mailed.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 59; Dec. Dig. § 32.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**ₜ. Sales (§ 26*)—Offer and Acceptance—Proposal.**

Defendant company, in New York, wrote to plaintiff, in Cincinnati, referring to a mailed sample of Porto Rico bay rum, quoted to plaintiff at 75 cents per gallon in barrel lots, and stated that it had decided to make a flat price of 70 cents per gallon in barrel lots to jobbers, that all defendant's goods from invoice arriving July 20th had been sold, and that defendant had orders for most of the invoice of their next steamer, due July 27th, and "should you favor us with your order, we will ship same in the order which we receive it with others." *Held*, that such letter did not constitute an offer to sell any definite quantity of bay rum, and was at most an invitation for an order, which defendant might reject or accept, so that a telegram ordering bay rum pursuant to such letter, dispatched before plaintiffs·had received subsequent letters withdrawing defendant's invitation, did not constitute a contract of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 119, 120; Dec. Dig. § 26.*]

Action by the Stein-Gray Drug Company against the H. Michelsen Company. Judgment for defendant.

Joseph M. Williams, for plaintiff.
Henry W. Baird, for defendant.

MARKS, J.   On July 22, 1908, the defendant mailed in New York City a letter, addressed to the plaintiff at Cincinnati, as follows:

"New York, July 22, 1908.

"The Stein-Gray Drug Co.—Gentlemen: We have this day mailed you sample of our Puerto Rico bay rum. Our quotation to you was 75¢ per gallon in bbl. lots; but we have decided to make a flat price of 70¢ per gallon in bbl. lots to jobbers, and we consider these goods the finest P. R. bay rum ever offered on this market, and much better than other marks, which are now being sold here at higher figures. All our goods from invoice arriving July 20th have been sold, and we have orders now for most of the invoice on next steamer, due here July 27th. Should you favor us with your order, we will ship same in the order which we receive it with others.

"Yours truly,          The H. Michelsen Co."

The next day, July 23, 1908, defendant mailed another letter to plaintiff, of which the following is a copy:

"New York, July·23, 1908.

"The Stein-Gray Drug Co.—Gentlemen: On account of the duty having been replaced on Porto Rico bay rum, we beg to advise you that we have none to offer, as we have canceled all our orders for shipments from that country.

"Respty. yours,          The H. Michelsen Co."

On the same day that this letter was mailed in New York, the plaintiff sent the following telegram from Cincinnati to defendant:

"July 23, 1908.

"To the H. Michelsen Co., 82 Warren St., New York:

"Accept offer twenty-second. Ship three barrels on arrival next steamer.

"The Stein-Gray Drug Co."

This telegram was not received by the defendant until the next morning, July 24th, and upon its receipt defendant wrote the plaintiff the following letter:

"New York, July 24, 1908.

"The Stein-Gray Drug Co.—Gentlemen: We received your telegram this day in which you ordered three bbls. bay rum. We respectfully refer you to

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

our letter of July 23d, in which we advise you that, on account of the U. S. government replacing the duty on Porto Rico bay rum, we had canceled all our orders for shipments from that country and therefore had none to offer. We regret we cannot accept your order, but under the existing circumstances it is impossible for us to do so.

"Yours truly,                                     The H. Michelsen Co."

And on the same day, July 24th, the plaintiff sent another telegram to the defendant, as follows:

"Cincinnati, O., July 24, 1908.

"The H. Michelsen Co., 72 Warren Street, New York City:

"Increase yesterday's order bay rum from three to five barrels.

"The Stein-Gray Drug Co."

This telegram was not received by the defendant until the morning of the 25th, when it replied to the same by letter as follows:

"New York, July 25, 1908.

"The Stein-Gray Drug Co.—Gentlemen: Your telegram received this morning. We regret that we cannot accept your order, and would respectfully refer you to our letters of July 23d and 24th.

"Yours truly,                                     The H. Michelsen Co."

This action is brought to recover $286 damages for the failure on the part of the defendant to deliver the quantity of bay rum ordered; the plaintiff claiming that its orders were sent before it had received the letter of the defendant withdrawing its proposal.

Where one party proposes by mail a contract with another residing at a distance, and the latter accepts it and deposits his acceptance by letter in the post office, addressed and to be transmitted to the former, the contract is complete. The contract must be carried out, and becomes mutually obligatory upon both parties, and a revocation of the proposal or a notice of its withdrawal takes effect only if received by the offeree before the mailing of the acceptance. Vassar v. Camp, 11 N. Y. 441; Brisban v. Boyd, 4 Paige, 17; Tayloe v. Merchants' Fire Ins. Co., 9 How. 390, 13 L. Ed. 187; Patrick v. Bowman, 149 U. S. 411, 13 Sup. Ct. 811, 37 L. Ed. 790; Clark v. Dales, 20 Barb. 42.

An acceptance of a contract by letter or by telegraph, if the latter is a proper means of communication and reaches the party to whom it is sent, being governed by the law of the place whence the acceptance is dispatched, and the law of Ohio being to the effect that a contract is made when the acceptance is dispatched, the plaintiff would be entitled to recover (notwithstanding that on the same day that plaintiff sent its telegram the defendant mailed in New York, to the plaintiff at Cincinnati, a letter withdrawing its offer of July 22d), if the defendant's letter of July 22d had contained all that was necessary to make a contract, and had contained an unqualified offer to sell a specific quantity of bay rum, or a statement that defendant had a specific quantity to sell or dispose of, and left no option on defendant's part to fill any order which plaintiff might decide to send in response to that letter.

The terms of a letter containing a proposal must leave nothing further to be done by the proposer when the acceptance is mailed. In cases in which it has been held that a contract was made by letters

or telegrams, parties have been held liable for offering a specified quantity of goods at a fixed price, or a specified quantity has been ordered and the order has been accepted, or negotiations have been started without mentioning the quantity desired, and in the course of the letters or telegrams the quantity desired or which could be furnished has been fixed.

But in this case it is my opinion that the letter of July 22d was only preliminary in its nature. It was an invitation to negotiate, or an invitation for an order, which the defendant would still have the right to reject, or the option to fill, or which it might find it could not fill, and therefore be relieved from any order from or acceptance on the part of the plaintiff. The letter does not state that the defendant has a specified number of barrel lots to deliver, or as much as plaintiff decides to order, and in this it differs from the cases in which parties have been held liable for accepting or offering a definite amount of goods. In my opinion the letter of July 22d cannot be construed into a positive undertaking on defendant's part to supply plaintiff with any quantity which it might order.

The letter states, in substance, that a sample of bay rum has been mailed, gives the price per gallon in barrel lots, and calls attention to the fact that the bay rum which the defendant offers is expected to arrive on the next steamer, but that most of it has already been ordered of them, that orders would be filled in the order in which they are received, and, if the plaintiff should favor defendant with an order, it would be shipped in the order in which it is received. This means: First come, first served. If you arrive late, there will be nothing left. If the letter had stated, "We will sell you all the bay rum you may order, up to the entire invoice, or so many barrel lots," then the defendant would have been bound to deliver any reasonable amount plaintiff might have ordered, or in default make good the damage; but where the amount or quantity was left to be fixed by plaintiff, and the defendant had the right to determine whether it would or could accept the order, or ship the quantity, or whether it had any left to fill the order, depending upon the number of orders theretofore received exhausting the invoice, then, in my opinion, it had the right to withdraw its offer.

It is apparent from defendant's letter that defendant contemplated that all the bay rum contained in the invoice to arrive on July 27th might be disposed of before plaintiff's order, after it was received, could be filled, because it states that orders will be filled in the order in which they are received. Defendant reserved to itself the right to say, upon receipt of an order from plaintiff, "We have disposed of all goods of this invoice." In my judgment it cannot be maintained that defendant could be held liable to plaintiff, if it was proven that orders received prior to the time plaintiff's order was received exhausted all the invoice of the steamer due or which arrived July 27th; and this involves an inquiry into the nature and extent of the orders received, and injects an element of uncertainty into the situation as to whether the defendant could ship any bay rum at all upon receipt of plaintiff's order, and as to whether orders received prior to the plaintiff's exhausted or did not exhaust the entire invoice, and required defend-

ant's acceptance of plaintiff's order before it can be said there was made and accepted a definite proposition containing all the requirements of a completed contract.

The defendant was to be the judge as to whether or not plaintiff's order could be filled. It chose to withdraw its offer, by letter of July 23d. The reason given for withdrawing the offer is not material, and in my opinion need not be considered. If the letter of July 22d and telegram of July 23d did not constitute a binding contract, or a definite proposition containing all the requirements of a completed contract was not made by that letter and telegram, then a withdrawal with or without giving reasons could have been made by defendant without making it liable. This case is one which presents the feature of negotiations for an order, some of the terms of which, such as price per gallon, are stated or agreed upon, but others of which still remain unsettled, and depend upon contingencies and uncertainties which take the case out of the rule laid down in the cases above cited.

The contract as made by letters must not be incomplete or indefinite in some substantial provision or requirement. Brauer v. Oceanic Steam Nav. Co., 77 App. Div. 407, 79 N. Y. Supp. 299; John Single Paper Co. v. Hammermill Paper Co., 96 App. Div. 535, 89 N. Y. Supp. 116; Thedford v. Herbert, 118 App. Div. 181, 102 N. Y. Supp. 1083. In Lyman v. Robinson, 14 Allen (Mass.) 254, Judge Foster says:

"A valid contract may doubtless be made by correspondence; but care should always be taken not to construe as an agreement letters which the parties intended only as a preliminary negotiation."

See, also, Moulton v. Kershaw, 59 Wis. 316, 18 N. W. 172, 48 Am. Rep. 516.

In Ridgway v. Wharton, 6 H. L. Cas. 304, Lord Wensleydale says:

"An agreement, to be finally settled, must comprise all the terms which the parties intend to introduce into the agreement. * * * It is absurd to say that a man enters into an agreement till the terms of that agreement are settled. Until those terms are settled, he is perfectly at liberty to retire from the bargain."

If the defendant had offered plaintiff three or five barrel lots, it might have been bound to carry out the offer upon its acceptance; but the letter of July 22d, if it is to be treated as an offer (rather than as an invitation to plaintiff to make an offer or send an order for a certain quantity, which defendant would then determine whether it could fill), must be held to be an offer to sell any quantity at the option of the plaintiff, not less than one barrel, but up to what number of barrels is indefinite and uncertain. It would then become a question, if the amount ordered had been very large, or more than the entire invoice which defendant was to receive, whether such large quantity so ordered was such as the defendant might reasonably expect the plaintiff to order, or was within the contemplation of the parties. What is a reasonable amount, or what defendant might have reason to expect plaintiff would order, or how much was left after filling prior orders, introduces an element of uncertainty into the contract which it would be necessary to decide before plaintiff

could recover; and it cannot, therefore, be said that there was an unqualified offer on one side to sell a specific amount of goods, regardless of contingencies, and an acceptance on the other, as it is apparent that plaintiff was advised, in effect, that defendant had orders for most of the invoice of the very goods which defendant offered, and that a fulfillment or acceptance of the order which plaintiff might send depended upon the quantity which plaintiff might order, as well as the time of the receipt of plaintiff's order, and whether the entire invoice had not already been ordered of defendant by its other customers prior to the receipt of plaintiff's order. I think this letter of July 22d bears this construction, and shows that to make a final contract the element of time of the receipt of the plaintiff's order, the quantity which it might order, and whether the defendant had more of the invoice left after accepting orders from other customers received prior to plaintiff's were important elements necessary to be passed upon by defendant before it could be made liable.

Parol evidence is required in this case to determine what amount of orders was received by the defendant prior to plaintiff's, and there is no evidence that the orders received prior to the plaintiff's did not exhaust the entire invoice, or that there was enough bay rum left after filling all prior orders to fill the plaintiff's order. This being so, it renders the letter incomplete and indefinite in a substantial requirement, and parol evidence would have to be resorted to, to explain it, or to show, with reference to other orders sent, what time plaintiff's order was received, or to show that the defendant could have supplied the quantity ordered; and the plaintiff cannot, therefore, recover on the theory that the letter and telegram constituted a complete and positive undertaking.

Judgment for the defendant, dismissing the complaint.