DEERING v. CANFIELD & WHEELER CO.

MASTER AND SERVANT—DEFECTIVE APPLIANCES—ASSUMPTION OF
RISK—CONTRIBUTORY NEGLIGENCE.

Where the space between a circular saw and the guide thereto became blocked by chips and splinters by reason of a defect in the guide, and the employé operating the saw took a stick and attempted to push the splinters out, instead of stopping the saw or removing the table, either of which was practicable, and the stick broke, permitting his hand to come in contact with the saw, *held*, that he not only assumed the risk of using a stick, but was guilty of contributory negligence, precluding a recovery for the injury sustained.

Error to Manistee; McMahon, J.    Submitted February 12, 1901.    Decided April 25, 1901.

Case by Michael J. Deering against the Canfield & Wheeler Company for personal injuries.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Affirmed.

*P. W. Niskern*, for appellant.
*Smurthwaite & Fowler*, for appellee.

HOOKER, J.   The plaintiff, a young man of 23 years of age, and familiar with the machine that he was using, was injured by getting his hand in contact with a circular saw.   In proximity to this saw was a guide, which was originally quite near, but not against, the saw.   It is claimed that this guide got worn, so that the space between it and the saw was greater than it should have been, and that the defendant's foreman had promised the plaintiff that it should be fixed at the end of the day upon which he was hurt, a previous like promise having been broken.   It was common for slivers and small thin pieces that came from the saw to get into this space between the guide and the saw, and the effect was to bind and injure the saw.   It was therefore customary for the operator to get them out.   It was possible to do this in one of three ways:  *First*, by taking a stick, and pushing them out; *second*, by stopping the saw, which was easily done; or by removing the table, which was practicable by taking out some bolts.   Instead of taking a safe way, the plaintiff took a piece of lath, and pushed so hard upon it as to break it, when his hand struck the saw, with the result mentioned.

The learned circuit judge was of the opinion that the plaintiff's act was negligent, and that he was not entitled to recover; and in this opinion we concur.   We also think he assumed the risk of using a stick, which, in some instances, would perhaps be safe.

The judgment is affirmed.

The other Justices concurred.