## LUPTON ET AL. *v.* NICHOLS.

[No. 3,515.    Filed April 1, 1902.]

MONEY PAID.—*Complaint.*—*Sufficiency.*—A complaint alleging that plaintiff paid to a certain railroad company an account due such company from the defendants for freight at defendants' instance and request, and that the account was by the railroad company assigned to plaintiff, and that the railroad company was made a party defendant to answer to any interest it might have in such claim, is sufficient on demurrer for want of facts.  *pp. 540, 541.*

CUSTOMS AND USAGES.—*Evidence.*—Persons dealing with each other in a business in which certain usages exist are presumed to deal in reference thereto, unless such usages are expressly contracted against, and it is competent to show what such usages are.  *pp. 541, 542.*

From Jay Circuit Court; *J. M. Smith,* Judge.

Action by William A. Nichols against Adelma Lupton and others for money paid. Adelma Lupton died pending suit, and Ambrose G. Lupton and another, executors, were substituted as defendants. From a judgment for plaintiff, the defendant executors appeal. *Affirmed.*

*D. T. Taylor, W. F. MacGinnitie* and *T. J. Taylor,* for appellants

*E. E. McGriff* and *A. L. Nichols,* for appellee.

HENLEY, J.—This action was commenced by the appellee against appellants and the Grand Rapids & Indiana Railroad Company on an account for freight for the shipment of stock over the said railroad, from North Carolina, by way of Cincinnati, to Portland, Indiana. At the time the action was commenced Adelma Lupton was alive, but died before the cause was tried. The appellants, Ambrose G. Lupton and John S. Emmons the executors of the will of the said Adelma Lupton, were substituted as defendants.

The complaint was in two paragraphs. Appellants demurred to each paragraph of the complaint, which demurrer was overruled. They answered the complaint by general denial, and the issues thus made were tried by jury who returned a verdict in favor of appellee upon which the court rendered judgment against appellants as executors of the estate of Adelma Lupton, deceased, and one Nathan McCoy. It was assigned as error in this court that the trial court erred in overruling appellants' demurrer to the first paragraph of the complaint; that the trial court erred in overruling appellants' demurrer to the second paragraph of the complaint and that the trial court erred in overruling appellants' motion for a new trial.

It appears by the first paragraph of the complaint that in October, 1897, the appellee, at the instance and request of appellants, Nathan McCoy and one Adelma Lupton, deceased, then living, paid to the Grand Rapids and Indiana Railroad Company the sum of $104.51, which sum the said McCoy and Lupton promised and agreed to pay to appellee with interest from said day. That said railroad company is made a party defendant to answer to any interest it may have in said claim. That said sum is due and wholly unpaid.

Counsel for appellants has assigned no valid reason why this paragraph of complaint is not sufficient. It is clearly averred that appellee at the special instance and request of appellants paid out for their use and benefit the sum of $104.51, which amount they expressly promised and agreed to repay with interest from the day they so received the benefit of the same, and that the said sum is wholly due and unpaid. This paragraph of complaint is sufficient and it is unnecessary for us to cite the elementary authorities to sustain it.

In the second paragraph of the complaint appellee avers that the account is for freight which was due from appellants to said railroad company, paid by him for them to the railroad company, and the account was by said railroad company assigned to the appellee, and the said railroad company is made a party defendant to answer as to any interest it may have therein. The averments of this paragraph of the complaint are very full and cover the whole case. But what we have stated covers the substance of the complaint and renders it sufficient against an attack by demurrer. Both paragraphs of the complaint stated a cause of action.

Under the specification of the assignment of error that the trial court erred in overruling appellants' motion for a new trial, it is argued that the verdict is not sustained by sufficient evidence and is contrary to law. We have carefully read the evidence in this case, and must conclude that the verdict of the jury was not only sustained by the evidence, but that the jury were fully justified in returning the verdict which they did in this case.

It is also objected that certain evidence was admitted tending to prove a general usage which obtained in the business carried on by the parties to this action. It is the law that persons dealing with each other in a business in which certain usages exist are presumed to deal in reference to such usages and regulations, unless such usages are expressly contracted against; and it is competent to show what

such usages are. *Morningstar* v. *Cunningham*, 110 Ind. 328; *Mooney* v. *Howard Ins. Co.*, 138 Mass. 375.

None of the other questions raised by the motion for a new trial are argued by counsel for appellants.

The judgment of the trial court is affirmed.