## STEPHENS *v.* AMERICAN CAR & FOUNDRY COMPANY.

[No. 5,791.    Filed June 26, 1906.]

1. APPEAL AND ERROR.—*Briefs.—Amendments.*—Where appellant fails to show in his brief that he excepted to the alleged erroneous ruling of the trial court, but by permission of the court he amends such brief to show such exception, the alleged error is properly presented.  p. 416.

2. MASTER AND SERVANT.—*Negligence.—Contributory.—Factory Act.—Dangerous Machinery.—Failure to Guard.*—Where the servant attempted to adjust an unguarded dangerous machine, operated by him in defendant's factory, without stopping the same, the question of contributory negligence is properly submitted to the jury.  p. 418.

3. TRIAL.—*Negligence.—When Question for Jury.*—Where there reasonably may be a difference of opinion whether defendant is guilty of negligence, the question is for the jury.  p. 419.

4. SAME.—*Directing Verdict for Party Having Burden of Proof.*—The court should not direct a verdict for the party having the burden of proof where the verdict must be based on the testimony of witnesses, wholly or partially.  p. 419.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Ulysses G. Stephens against the American Car & Foundry Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Stotsenburg & Weathers,* for appellant.

*M. Z. Stannard,* for appellee.

COMSTOCK, P. J.—Action against appellee for personal injuries sustained by the appellant while working at an unguarded machine in appellee's factory.

The complaint was in three paragraphs and based upon the negligent act of the appellee in failing to guard a machine in its factory, as required by the statute. The second and third paragraphs of the complaint were withdrawn, the cause was put at issue by general denial, and submitted to a jury, which, by direction of the court, returned a verdict for the appellee.

The only error assigned and relied upon by the appellant is the action of the court in overruling his motion for a new trial. This assignment challenges the action of the trial court in peremptorily instructing the jury to find for the appellee.

The paragraph of the complaint upon which the cause was tried, omitting the formal parts, alleges in substance that defendant corporation owned and operated in its establishment, at and for a long time prior to the grievances mentioned in the complaint, a machine which was used for the purpose of cutting moulding and dressing and cutting wood into various shapes; that the same was fastened to a frame on a table, extending above the same so as to come in contact with the wood held by the person operating the same; neither said machine nor the bit thereof was then and there guarded, although both could have been properly guarded without interfering with the proper operation of the same, which would have prevented any injury or danger of injury; but that defendant, well knowing that the same had not been done, then and there for more than a month immediately prior thereto, in violation of the laws of the State of Indiana, negligently failed to guard said machine; that on May 6, 1903, plaintiff was in the service of the defendant as an employe at its plant, and, being by

his contract of employment with defendant required so to do, was then and there engaged in operating said machine in cutting moulding, and in order to have the machine cut through it was necessary to reset the machine, which the plaintiff was required to do, and while engaged in loosening the set-screw with a wrench his hand slipped, and, on account of said machine's not being properly provided with a guard, came in contact with the bit of the machine, mangling his fingers and hand to such an extent that it was necessary to cut off parts of his fingers. It further avers that said injury was caused by the negligent act of the defendant in failing to guard said machine, and without any negligence on his part; that plaintiff had operated the machine for only two days prior to said accident.

Counsel for appellee points out that appellant's brief does not disclose that appellant excepted to the ruling of the court directing the verdict for appellee; that

1. under rule twenty-two of this court it is essential that this should appear in the brief. Appellant, by permission of the court, has since filed an addition to the statement of the record contained in his original brief, in compliance with said rule. With this rule complied with, the only remaining question discussed is whether appellant was guilty of contributory negligence.

The evidence showed that the machine was used in cutting moulding; that there was a lower head to the machine which was fastened to a stem which ran down a false leg of the machine, and that the same was held in place by a set-screw, so called, or a jamb nut. By loosening this nut the operator could turn the screw which was at the bottom of this false leg, and thereby elevate or lower the head, making it cut deeper or shallower, as desired; that a hood or guard had been provided for the machine, which properly protected the same and aided in carrying away the shavings or dust; that about two months before the machine had been removed from near the wall and the guard

left off, leaving the machine unguarded; that it was necessary to adjust the machine by running up this lower head; that appellant was required to do so; that it was not necessary to stop the machine to effect this; that the screw was six or eight inches below the head; that appellant, without stopping the machine, used a wrench on this occasion, which threw his hand some five or six inches further away; that when he placed the wrench on the screw his fingers were directly under and within six inches of the knives, the space between the knives and his fingers being open; that the wrench was furnished by appellee; that for some reason it slipped and appellant's hand was thrown into the knives and injured; that if the machine had been guarded appellant's hand would have struck the guard and would not have been injured. It further appears that the knives were making 3,800 revolutions per minute; that the machine was operated by steam-power; that it was provided with a belt, a tight and a loose pulley and a belt-shifter; that when the belt was adjusted to the tight pulley the machine was set in operation, and when adjusted to the loose pulley it was stopped; that the belt could be shifted from the tight to the loose pulley by the operator by the use of the belt-shifter; that appellant had started and stopped this machine on other occasions by use of the belt-shifter; that he had had several years' experience as a wood worker, and had operated several machines in several factories, and had operated a sticker similar to the one on which he was hurt before he worked for appellee, and knew that the machine was dangerous. There was no evidence that the bits or head could be adjusted while the machine was not running. Appellant testified that at the time of the accident he had to run the head up to dress the bottom part of the moulding, "it was leaving it rough."

If the appellant was guilty of contributory negligence, it was because he tried to adjust the machine when it was

in motion. It is claimed by the appellee that it
2. appears from the evidence that there were two
methods open to appellant of adjusting the set-
screws—one by stopping the machine and making the ad-
justment while it was not in operation, the other by making
the adjustment while the machine was running; that the
latter was the more dangerous, and that where two methods
of performing a service are open to a servant, and he
chooses the more dangerous one, he is guilty of contributory
negligence. Citing Labatt, Master and Serv., §339; *Levey
v. Bigelow* (1893), 6 Ind. App. 677; *Gorman* v. *Des
Moines Brick Mfg. Co.* (1896), 99 Iowa 257, 68 N. W.
674; *Deering* v. *Canfield & Wheeler Co.* (1901), 121
Mich. 373, 85 N. W. 874; *Foss* v. *Bigelow* (1899), 102
Wis. 413, 78 N. W. 570; *Moody* v. *Smith* (1896), 64
Minn. 524, 67 N. W. 633; *Hartwig* v. *Bay State Shoe, etc.,
Co.* (1889), 118 N. Y. 664, 23 N. E. 24; *Buehner Chair
Co.* v. *Feulner* (1902), 28 Ind. App. 479; Bailey, Mas-
ter's Liability, 169; *Jonesboro, etc., Turnpike Co.* v. *Bald-
win* (1877), 57 Ind. 86.

These authorities may be said fairly to support appel-
lee's claim, but it should appear that this choice was made
with the knowledge that the bits could be adjusted while
the machine was not running. It was necessary that the
head be run up and down frequently as they varied the size
of the moulding. It was moved by turning the screw
which was provided for the purpose. It was not shown
that the machine was ever stopped to run this head up or
down. All that was required of appellant was that he
should use reasonable care. If he was guilty of contribu-
tory negligence it was only because he attempted to make
the adjustment when the machine was running. Appellant
testified that it was not necessary to stop the machine to
change the screw. So far as any inference may be drawn
from the evidence, it was the custom to make such adjust-
ment while the machine was running. By analogy the

following cases strongly support the proposition that the evidence made a case to be submitted, under proper instructions, to the jury. *Wortman* v. *Minich* (1901), 28 Ind. App. 31; *Davis Coal Co.* v. *Polland* (1902), 158 Ind. 607, 92 Am. St. 319; *Espenlaub* v. *Ellis* (1904), 34 Ind. App. 163; *Baltimore, etc., R. Co.* v. *Cavanaugh* (1905), 35 Ind. App. 32; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413; 1 Shearman & Redfield, Negligence (5th ed.), §55. Beach, Contrib. Neg. (3d ed.), §447.

We need only refer to the rule that where there may be a difference of opinion as to whether an act is negligent or not, or how work should be performed in order to be safe, the question should be left to the jury. It has been held by this court that a request on behalf of the party having the burden of the issue on a trial, for direction to the jury to return a verdict in his favor, should not be granted when the verdict must be based upon the testimony of witnesses, wholly or partially. *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25; *Wagner* v. *Weyhe* (1905), 164 Ind. 177; *Board, etc.,* v. *Garrigus* (1905), 164 Ind. 589; *Messick* v. *Midland R. Co.* (1891), 128 Ind. 81; *Gaff* v. *Greer* (1882), 88 Ind. 122, 45 Am. Rep. 449; *Houghton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 132.

The negligence of the defendant in failing to provide a guard is not questioned, nor that the machine could and should have been guarded as required by law, nor is it claimed that the plaintiff was guilty of any negligence, unless the attempted adjustment constituted negligence. The burden of the issue upon the question of contributory negligence, raised by the general denial, is upon the defendant, and is to be determined from all the evidence in the cause. The court erred in directing the verdict.

Judgment reversed, with instructions to sustain appellant's motion for a new trial. Robinson, C. J., Wiley, Myers and Roby, J. J., concur. Black, J., dissents.