## COLVERT ET AL v. HARRINGTON.

[No. 9,010.   Filed April 18, 1916.]

1. TRIAL.—*Instructions.*—*Peremptory Instruction.*—In considering a motion for a peremptory instruction the court should accept as true all facts which the evidence tends to prove, and draw against the one asking the instruction all reasonable inferences which the jury might properly draw, and, in case of conflict in the evidence, consider that evidence and those inferences which are favorable to the party having the burden of proof. p. 610.

2. BILLS AND NOTES.—*Action.*—*Burden of Proof.*—In an action on a note, defended on the ground of want of consideration, and that plaintiff was not a *bona fide* holder without notice, the burden was on defendant to make out his defense after plaintiff had produced in evidence the written instruments involved and a stipulation as to the amount of attorney fees in the event of a recovery. p. 610.

3. BILLS AND NOTES.— *Defenses.—Want of Consideration.*—Evidence to establish a defense of want of consideration is irrelevant as to the indorsees of a note, unless it is made to appear that they had notice, or notice of facts sufficient to place them on inquiry. p. 610.

4. BILLS AND NOTES.—*Action.—Notice.*—The mere endorsement of a note without recourse is not of itself sufficient to put the purchaser on inquiry. p. 611.

5. BILLS AND NOTES.—*Bona Fide Purchaser.—Notice.*—The mere fact that the endorsee of a note objected to endorsement without recourse until he learned that the maker was perfectly solvent does not show that he had constructive notice of any defect in the endorser's title. p. 612.

6. BILLS AND NOTES.—*Bona Fide Purchaser.—Suspicion.*—Circumstances calculated to awaken suspicion merely are not sufficient to show that the purchaser of a note was not a *bona fide* purchaser without notice, but they must be such as to irresistibly lead to the conclusion that he had notice. p. 613.

7. APPEAL.—*Review.—Peremptory Instruction.*—Where appellee's evidence was sufficient to warrant the recovery granted him, and there was no evidence which controverted it in any essential, the court was fully justified in giving a peremptory instruction for plaintiff. p. 613.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by Timothy J. Harrington against Charles Colvert and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Charles R. Milford,* for appellants.
*Dewitt C. Wilson, Martin A. Quinn* and *Lucas Nebeker,* for appellee.

IBACH, C. J.—Action to recover on a promissory note executed by appellant in favor of the Reliable Hog and Cattle Remedy Company, and by it assigned by endorsement, without recourse, to the Lafayette Auto Company, and by it assigned without recourse to appellee before maturity. Appellant Colvert filed answer in three paragraphs, first a general denial, the second averring want of consideration, and the third proceeding

upon the theory that appellee and his endorser both had knowledge of facts which would impeach the validity of the note or at least had knowledge of such facts as were calculated to excite the suspicions of a reasonably cautious person, and sufficient to place appellee upon inquiry as to the validity of the note before purchasing the same. The cause proceeded to trial before a jury, and at the close of the evidence, on motion of appellee, and over the objection and exception of appellant, the court directed a verdict for appellee for the amount of the note, interest, and attorney's fee.

The sole question presented by this appeal is whether the peremptory instruction complained of should have been given. In the consideration of

1. a motion for such an instruction, it is the duty of the court to accept as true all facts which the evidence tends to prove and to draw against the one asking the instruction all reasonable inferences which the jury might properly have drawn and in case of any conflict in the evidence, the court is bound to consider that evidence and those inferences which are favorable to the party having the burden of proof.

2. The only evidence produced by appellee consisted entirely of the written instruments involved and a stipulation as to the amount of attorneys' fees in the event of a recovery.

3. From that time the burden rested on appellant to make out his defense and, in his effort so to do, he introduced much evidence of the original transaction between himself and the payee, and of the various inducements and promises held out by the payee to appellant to induce him to purchase the goods for the payment of which the note in suit was given, but such evidence is wholly irrelevant as to the endorsees, unless it is

made to appear that they have notice of such facts sufficient at least to have raised in them the duty of making inquiry about the note before purchasing it. Consequently the only question as affecting appellee is whether the evidence shows that the successive purchasers of the note had any notice of appellant's defense to it, or in bad faith refrained from ascertaining such defense. In this connection appellant contends that such questions should have been left to the jury, because the evidence shows the endorsement by the payee and endorsee respectively was "without recourse", and also, that appellee made some objection to the form of the endorsement to him, and the endorsees lived within the same city, where the payee lived, and only twenty miles from where the maker lived.

The precise question presented by appellant's first contention has never been decided by the courts of this State, but we believe that the endorsement alone "without recourse" is not sufficient to put the purchaser of such a note upon inquiry. This holding is supported in reason, and it has so been held by the decisions of other states, where cases similar to the present have been under consideration. 7 Cyc 809, 954; 1 Daniel, Neg. Inst. §700; *Borden* v. *Clark* (1873), 26 Mich. 410; *Kelley* v. *Whitney* (1878), 45 Wis. 110, 30 Am. Rep. 697; *Elgin City Banking Co.* v. *Hall* (1907), 119 Tenn. 548, 108 S. W. 1068; *Gale* v. *Mayhew* (1910), 161 Mich. 96, 125 N. W. 781, 29 L. R. A. (N. S.) 648; *Judy* v. *Warne* (1913), 54 Ind. App. 82, 102 N. E. 386. And so far as this question may be involved in future cases, the legislature has settled it in conformity to this holding. §908911 Burns 1914, Acts 1913 p. 120, §38. Appellant has set out at length the testimony of appellee concerning some objection which he made

when he purchased the note with reference to the endorsements having been made "without recourse", but there is no evidence of any kind even tending to show that his suspicion was aroused concerning the note itself beyond the solvency of the maker. The evidence discloses that he did not like the form of the endorsement, as no liability rested upon the endorsers, but when his brother who made the endorsement for his immediate endorser informed him that the maker of the note was solvent, the objection which he entertained was removed, and the purchase was made. The evidence is also without conflict that he possessed no fact other than the form of the endorsement which tended to impeach the validity of the note, and no fact or circumstance is shown to cause appellee to be suspicious concerning the consideration for which it was executed. We do not consider that the question of the residence of the parties, in view of all the other evidence in the case, has anything whatever to do with the question of notice or bad faith. Such is the holding of this court in the case of *Wilson* v. *National Fowler Bank* (1911), 47 Ind. App. 689, 91 N. E. 269. The evidence does not show, neither is it contended, that the note was obtained by the payee by fraud or through coercion. The only contention on appellants' part in this connection is that by the terms of the contract between the original parties when the goods were sold and the note was given in payment thereof, it was provided that if either party became dissatisfied, the contract could be terminated by giving notice and the unsold goods might be returned and credit given on the note therefor. No condition of this kind, and no mention of the contract appeared in the note, but it was left open as a perfect negotiable

note payable at a bank. We believe we are justified also in inferring from all the evidence that appellant did not become dissatisfied with his purchase until more than a month after the purchase of the note by appellees. Facts somewhat similar to these were considered by the Supreme Court of this State in the case of *Tescher* v. *Merea* (1889), 118 Ind. 586, 21 N. E. 316. It is there held that circumstances which will justify the inference of notice or bad faith, must be pointed and emphatic, and irresistibly lead to the conclusion that the purchaser had notice, before the presumption that he purchased the note in good faith can be overcome. Circumstances calculated to awaken suspicion merely are not sufficient. This proposition is also discussed in *Wilson* v. *National Fowler Bank, supra.*

6.

We conclude therefore that, since appellee's evidence was sufficient to warrant the recovery granted him, and there was no evidence which controverted it, in any essential, the court was fully justified n giving the peremptory instruction complained of. *Hall* v. *Durham* (1887), 109 Ind. 434, 9 N. E. 926, 10 N. E. 581; *Cleveland, etc., R. Co.* v. *Heath* (1899), 22 Ind. App. 47, 53 N. E. 198; *Fowler Utilities Co.* v. *Chaffin Coal Co.* (1909), 43 Ind. App. 438, 87 N. E. 689; *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 42 N. E. 736, 32 L. R. A. 149. Judgment affirmed.

7.

NOTE—Reported in 112 N. E. 249. As to who is a *bona fide* holder, see 9 Am. Dec. 272; 44 Am. Dec. 698. As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see 29 L. R. A. (N. S.) 351; 44 L. R. A. (N. S.) 395. As to the burden of proof in an action on a bill or note with respect to defense of want of consideration, see 18 Ann. Cas. 205.