STATE OF INDIANA ON THE RELATION OF HENRY A. PETERS AND GARY HOUCHINS *v.* JESSE H. BEDWELL, JUDGE OF THE SULLIVAN CIRCUIT COURT AND THE SULLIVAN CIRCUIT COURT.

[No. 1077S754. Filed January 24, 1978.]

*Fred P. Bamberger, Fred S. White, Robert T. Bodkin,* of Evansville, *Jack N. Vanstone,* of Evansville, *E. D. Powell,* of Sullivan, for relators.

*Jesse H. Bedwell,* Pro Se, for respondent, *Robert E. Springer,* of Sullivan, *George N. Craig,* of Brazil, for plaintiff, *Joe S. Hatfield,* of Evansville, for defendant Wirth Osteopathic Hospital, Inc.

HUNTER, J.—The relators, Peters and Houchins, two of the defendants below, seek a writ of mandate compelling the trial court to enter judgment on a jury verdict in their favor. An alternative writ was issued by this Court pending full briefing. Argument was held at which time no appearance was made for the respondent. A response and a reply to the response have now been filed.

This case originated when the plaintiff below, Colleen Craig, filed a complaint for money damages against the defendants, Peters, Houchins, Gray and the Wirth Osteopathic Hospital. The complaint alleged medical malpractice and negligence on the part of the various defendants, resulting in injuries to the plaintiff. Following certain delays, a jury trial was held, which concluded on September 14, 1977. On that day the jury returned general verdicts in favor of the relators and the hospital.

On September 16, 1977, the defendants, Peters, Houchins and Gray moved for the entry of judgment on the jury verdicts, pursuant to Ind. R. Tr. P. 58. On the same day the plaintiff moved for judgment on the evidence pursuant to Ind.

R. Tr. P. 50(A). On September 23, 1977, the trial court entered a judgment partially granting the plaintiff's motion for judgment on the evidence and otherwise confirming the jury's verdicts. The verbatim judgment is here set out omitting caption and formal parts:

### "JUDGMENT

"The Court having taken under advisement the motion of Plaintiff, Colleen Craig, for judgment notwithstanding the verdict under Trial Rules 50(A) and 50(B), the motion of Defendants, Peters, Gray, and Houchins for judgment on the verdict and the motion of Defendant, Wirth Osteopathic Hospital, Inc., for judgment on the verdict now finds:

"1. The Plaintiff, Colleen Craig, introduced sufficient evidence of probative value in her case in chief to support her burden of proof for recovery under each claim against each Defendant in her complaint.

"2. The Defendant, Wirth Osteopathic Hospital, Inc. introduced sufficient evidence of probative value to support the verdicts of the Jury for said Defendant as to compensatory and as to punitive damages.

"3. The Defendants, Peters and Houchins, introduced sufficient evidence of probative value to support the Jury verdicts for said Defendants as to punitive damages.

"4. The Defendants, Peters and Houchins, introduced no evidence of probative value to support the Jury verdict for said Defendants that they were not negligent, that Plaintiff was injured, and that their negligence was not the proximate cause of some of Plaintiff's injuries. The Defendants, Peters and Houchins, did introduce some evidence of probative value as to the nature and extent of Plaintiff's injuries.

"5. The Defendants, Peters and Houchins, introduced no evidence of probative value that the Plaintiff's injuries were the result of her contributory negligence.

"6. Because of the effect a directed verdict might have had on the Jury deliberations concerning the negligence of Wirth Osteopathic Hospital, Inc. and the claim of oppressive conduct done with a heedless disregard of the consequences concerning all Defendants, the Court did not enter judgment on the evidence for Plaintiff on the issues of negligence and

proximate cause as against the Defendants, Peters and Houchins, at the conclusion of all evidence.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DE- CREED by the Court that:

"1. Upon the verdicts of the Jury heretofore returned on the 14th day of September, 1977, the Plaintiff take nothing by way of her complaint, counts one and two, as against the Defendant, Wirth Osteo- pathic Hospital, Inc.

"2. Upon the verdict of the Jury heretofore returned on the 14th day of Septemebr, 1977, the Plaintiff take nothing by way of her complaint, count two, as against the Defendants, Peters, Houchins, and Gray.

"3. Notwithstanding the verdict of the Jury heretofore returned on the 14th day of September, 1977, and under the mandatory requirement of Indiana Trial Rule 50(A), the Plaintiff shall recover compensatory damages for her injuries, proximately caused by the negligence of Defendants, Peters and Houchins.

"4. The amount of compensatory damages shall be de- termined by a Jury.

"5. This cause is set for trial by Jury on the 6th day of December, 1977, commencing at 9:00 o'clock E.S.T.

"The Clerk of the Sullivan Circuit Court is ordered to enter judgment accordingly.

"DATED this 23rd day of September, 1977.

"Jesse H. Bedwell /s/

Jesse H. Bedwell, Judge
Sullivan Circuit Court"

In summary, the trial court entered judgment against the relators-doctors on the issue of their liability for negligence. He further ordered that a jury trial be held to determine the amount of compensatory damages only. The relators ques- tion the ability or authority of a trial court to enter judgment in favor of a party having the burden of proof contrary to the jury's verdict.

The pertinent portions of the relevant trial rules are:

"(A) Judgment on the evidence — How Raised — Effect. Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as con-

trary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict."

Ind. R. Tr. P. 50(A).

"In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a nonadvisory jury is against the weight of the evidence; *and shall enter judgment,* subject to the provisions herein, *if the court determines that the verdict of a nonadvisory jury is clearly erroneous as contrary to or not supported by the evidence. . . ."*

Ind. R. Tr. P. 59(E)(7) [emphasis supplied].

When this Court and the Legislature approved Trial Rule 50 in its present form, the following emphasized ▪ language was inserted in paragraph (A) of the rule as first proposed:

"Where . . . a verdict is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it . . . ."

3 HARVEY, INDIANA PRACTICE 365 (1970). This is key language which has an extensive history. It is the standard to be applied when reviewing a verdict for the party having the burden of proof.

When this Court and the Legislature approved Trial Rule 59, the following language was deleted from 59(B):

"No distinction shall be made between a verdict or decision which is not sustained by 'sufficient evidence' or which is 'contrary to law,' both terms including either to an excess or deficiency of evidence or both."

4 HARVEY, INDIANA PRACTICE III (1971).

This deletion is a manifestation of an intent to maintain the prior meaning of the words "sufficient evidence" as that standard relates to the authority of the judge to ▪▪ grant a 59 motion. Trial Rule 59(E)(7) does authorize the judge to grant a judgment if he determines that the verdict is "clearly erroneous as contrary to . . . the evidence." This is new legal language. As a grant of authority

it must be construed so as not to be in conflict with the constitutional mandate that the right to trial by jury shall be maintained inviolate. IND. CONST. art. 1, § 20. Where there is any dispute on the operative facts, the jury is the finder of fact, and it may choose to believe or disbelieve any witness. A party with the burden of proof may establish a prima facie case and the jury may, nonetheless, find against him.

It is only where there is no reasonable dispute as to the facts, where the evidence for the party bearing the burden of proof is uncontradicted and unimpeached, that the trial court may enter judgment in favor of a party having the burden of proof. *Friedline* v. *State*, (1884) 93 Ind. 366; *Gaff* v. *Greer*, (1882) 88 Ind. 122; *Fowler Utilities Co.* v. *Chaffin Coal Co.*, (1909) 43 Ind. App. 438, 87 N.E. 689; *Stephens* v. *American Car & Foundry Co.*, (1906) 38 Ind. App. 414, 78 N.E. 335; *Chesapeake & Ohio R. Co.* v. *Martin*, (1930) 283 U.S. 209, 51 S.Ct. 453, 75 L.Ed. 983; *Federal Ins. Co.* v. *Summers*, (1st Cir. 1968) 403 F.2d 971.

The trial court in its judgment in the present case did find that the plaintiff had established a prima facie case and that the relators-defendants did not contradict this evidence. But as to the ultimate burden of producing evidence, there was no finding either way which would indicate the evidence was without reasonable dispute. The entry of judgment was, therefore, erroneous.

Because of our treatment of this issue it is unnecessary to reach relators' other issues.

For all the foregoing reasons, the judgment of the trial court is erroneous because it is inadequate and the alternative writ should be made permanent.

It is so ordered.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 371 N.E.2d 709.