**FERDINAND FURNITURE COMPANY, INC., a corporation, Appellant-Plaintiff,**

v.

**R. M. ANDERSON, R. M. Anderson d/b/a R. M. Anderson Co., Appellee-Defendant.**

**No. 2–177A31.**

Court of Appeals of Indiana, Second District.

Jan. 30, 1980.

Rehearing Denied Feb. 27, 1980.

---

1. Blocking points are apparently areas under the modular home where supporting pillars or footings are to be located.

Charles S. Gleason, Watson, Gleason & Hay, David A. Greene, Indianapolis, for appellant.

Robert A. Claycombe, Kothe, Shotwell, Claycombe, Hendrickson & Kortepeter, Indianapolis, for appellee.

SULLIVAN, Judge.

On June 18, 1970, a fire broke out in the vicinity of the drying oven at the Ferdinand Furniture Company. The building and its contents were destroyed. Ferdinand Furniture had purchased the heating unit for the oven from R. M. Anderson Company, Inc.,[1] (Anderson) of which R. M. Anderson was the president and principal shareholder. Ferdinand Furniture brought this action against Anderson seeking damages for injury to real and personal property upon three counts: negligence, strict liability and breach of implied warranty.

At the close of the plaintiff's case-in-chief, Anderson moved for involuntary dismissal pursuant to Indiana Rules of Procedure, Trial Rule 41(B). The trial court took the matter under advisement. When the parties were called back into court, the court announced that the motion was overruled, but advised Anderson that if he rested his case, judgment would be entered for the defendant. Anderson rested and judgment was so entered.

Ferdinand Furniture argues:

I. Its claims for damages to personal property were not barred by the statute of limitations.

II. The trial court, after overruling a motion for involuntary dismissal at the close of plaintiff's evidence, was precluded from entering judgment for the defendant when the defendant presented no evidence.

We affirm.

## I.

### STATUTES OF LIMITATION

Anderson presented affirmative defenses that the claims for damage to personal property were barred since the action was brought more than two years after the date of the fire [2] and that the claim for breach of implied warranty was barred in that it had been brought more than four years from the date of the tender of delivery of the heating unit.[3] The trial court made the following Findings of Fact:

"Count I

\* \* \* \* \* \*

14. This action was not commenced within two (2) years from the date of the fire.

\* \* \* \* \* \*

Count III

\* \* \* \* \* \*

15. The tender of delivery of the heating unit was made by R. M. Anderson Co., Inc., to Ferdinand Furniture Co., Inc.

---

1. R. M. Anderson Company, Inc. was originally a defendant in this action. However, the corporation was granted a Certificate of Dissolution on March 25, 1971. Since this action was not commenced within two years of the dissolution, a motion to dismiss as to the corporation was sustained. *See,* I.C. 23–1–7–1 (Burns Code Ed.1971). Thereafter, Ferdinand Furniture amended its complaint and proceeded against Anderson individually and in his capacity as R. M. Anderson Co.

2. I.C. 34–1–2–2 (Burns Code Ed.1973).

3. I.C. 26–1–2–725 (Burns Code Ed.1973).

on March 4, 1969. This action was not filed within four (4) years from that date when tender of delivery was made."

Ferdinand Furniture argues that these findings are contrary to the evidence since they are matters of affirmative defense and defendants elected to rest as a result of the urging of the Judge and offered no evidence on these points.

■ The party pleading the statute of limitations bears the burden of proving that the suit was commenced beyond the statutory time allowed. *D. E. F. v. E. M.* (1st Dist. 1977) Ind.App., 363 N.E.2d 1030. Ferdinand Furniture contends that this burden required Anderson to present evidence on this issue. Neither party cites authority nor does our research disclose Indiana case authority. However, the Utah Supreme Court in *Holloway v. Wetzel* (1935) 86 Utah 387, 390–91, 45 P.2d 565, 567, stated:

"While it is true that the burden of proof is upon the party pleading the statute of limitations to establish that the alleged claim is barred, still, if the evidence of the plaintiff shows the action to be barred, there is no necessity for any further evidence on the question required on the part of the defendant. It must be obvious that the defendant is not called upon to prove a defense already proved by the plaintiff in order to avoid an assumption that the defense has been abandoned." The law does not require the doing of a useless act."

We find this reasoning compelling. If the evidence presented during the plaintiff's case-in-chief discloses that the statute of limitations has run, to require the defendant to present essentially the same evidence during his "side" of the case would be to exalt form over substance.

■ A review of the record discloses evidence sufficient to support the trial court's findings that the suit was not brought within the applicable periods. The factory building was consumed by fire on June 18, 1970. A claim for injury to personal property accrues at the time one has suffered a legal injury and resulting damages susceptible of ascertainment. *Mont-*

*gomery v. Crum* (1928) 199 Ind. 660, 161 N.E. 251; *Essex Wire Corp. v. M. H. Hilt Co.* (7th Cir. 1959) 263 F.2d 599. Ferdinand Furniture's claim, therefore, accrued when the fire occurred. The complaint in the instant case was filed October 30, 1973, well past the two year statutory period of I.C. 34–1–2–2.

An action for breach of implied warranty must be commenced within four years after tender of delivery. I.C. 26–1–2–725(1) and (2). The trial court found that tender of delivery of the heating unit was made in March, 1969. Again, the face of the Complaint shows that the action was brought beyond the statutory period.

■ Ferdinand Furniture insists that its action is saved from the bar of the statute of limitations by our Journey's Account Statute, I.C. 34–1–2–8 (Burns Code Ed. 1973), which declares that:

"If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for the purposes herein contemplated."

The record does disclose that an action was brought in the Dubois County Circuit Court on May 26, 1972, in the name of ten insurance companies as subrogees of Ferdinand Furniture, against Anderson alleging negligence, strict liability and breach of implied warrant. This action was voluntarily dismissed on the plaintiffs' Motion on July 9, 1973.

Ferdinand Furniture argues that this prior action had been timely filed, that the gist of the motion to dismiss was to secure a dismissal without prejudice for the purpose of permitting a timely refiling of the claims in the Marion County Superior Court, and that therefore, the second action should be considered a continuation of the first within the meaning of the above statute. This

argument fails.[4] In *Pennsylvania Co. v. Good* (1913) 56 Ind.App. 562, 567, 103 N.E. 672, 673–74 the court held:

> "A plaintiff who voluntarily dismisses his action cannot be said to have failed to obtain a decision on the merits. A plaintiff cannot be said to "fail" within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply."

See also, *Ware v. Waterman* (1969) 146 Ind. App. 237, 253 N.E.2d 708. Two cases cited by Ferdinand Furniture are not persuasive. In *Abele v. A. L. Dougherty Overseas, Inc.* (N.D.Ind.1961) 192 F.Supp. 955, we are told only that the plaintiff's first action had been dismissed without prejudice. We are not told why the action was dismissed nor upon whose motion. In *Eves v. Ford Motor Co.* (1st Dist. 1972) 152 Ind.App. 34, 281 N.E.2d 826, the plaintiff's actions in federal court were dismissed for lack of jurisdiction. Neither case squarely presents the situation found in the instant case and in *Pennsylvania Co. v. Good, supra.*

Ferdinand Furniture's action is not saved by the Journey's Account Statute and we hold that the trial court did not err in finding that the claims for injury to personal property and for breach of implied warranty were barred by the statute of limitations. We note, however, that Ferdinand Furniture sought damages for injury to both real and personal property. The statute of limitations for injuries to property other than personal property is six years. I.C. 34–1–2–1 (Burns Code Ed. 1973). Therefore, claims for injury to real property were not barred by the statute of limitations and the judgment for Anderson may not rest solely upon that ground.

## II.

DENIAL OF TR 41(B) MOTION AS PRECLUDING JUDGMENT FOR MOVING PARTY WITHOUT SUBMISSION OF EVIDENCE

TR 41(B) provides:

> "(B) Involuntary dismissal: Effect thereof. After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true, there is no substantial evidence of probative value to sustain the material allegations of the party against whom the motion is directed. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff or party with the burden of proof, the court, when requested at the time of the motion by either party shall make findings if, and as required by Rule 52(A). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

The trial court, in announcing its ruling on Anderson's motion, stated:

> "At the conclusion of Plaintiff's evidence, the Defendant, Anderson, moved for a finding and judgment pursuant to Trial Rule 41(B) on all counts of the Complaint. The Court having had said motion under advisement now overrules the motion on all three counts for the reason that it is

---

4. It may be noted that Ferdinand Furniture Company, Inc. was not a party to the action in the Dubois Circuit Court. We need not, however, decide whether privity existed between Ferdinand Furniture and the plaintiffs sufficient to permit refuge under the Journey's Account Statute. *But see Hawthorne v. State ex rel. Harper* (1877) 57 Ind. 286.

the Court's understanding that in ruling on the 41(B) motion the Court is not permitted to weigh the evidence.

Nevertheless, this Court does have the right and the duty to indicate that in its judicial determination the evidence and the inferences therefrom were not sufficient to sustain the allegations of any count of the Complaint. The Court further indicates that the Defendant Anderson may proceed with his defense, but if he rests at this point, there will be a judgment for the defendant Anderson on all counts of the Complaint."

■ The trial judge was quite correct in her statement of the law of involuntary dismissal under TR 41(B). This rule requires the trial court to consider only the evidence and inferences most favorable to the non-moving party in ruling upon such a motion; the trial court may not weigh the testimony of one witness against the conflicting testimony of another witness, nor may it weigh conflicting portions of the testimony of the same witness. *Ohio Casualty Insurance Co. v. Verzele et al.* (1971) 148 Ind.App. 429, 267 N.E.2d 193. The court in *Building Systems, Inc. v. Rochester Metal Products, Inc.* (3d Dist. 1976) Ind. App., 340 N.E.2d 791, contrasted our TR 41(B) with Federal Rule of Civil Procedure 41(b). Under the federal rule, the trial court is not restricted to considering only the evidence and reasonable inferences most favorable to the non-moving party, but is free to determine whether the party with the burden of proof has established a right to recovery by a preponderance of the evidence during his case-in-chief. *See also, Board of Aviation Commissioners of Clark County v. Schafer* (1st Dist. 1977) Ind.App., 366 N.E.2d 195.

The court in *Fielitz v. Allred* (3d Dist. 1977) Ind.App., 364 N.E.2d 786, reiterated the holding in *Building Systems, Inc.*, but held that even if the trial court had weighed the evidence, such error was harmless where the plaintiff had called the defendant as one of the witnesses in his case-in-chief and she testified as to her version of the facts and the plaintiff did not show

how he was prejudiced. In yet another TR 41(B) case, *Puckett v. Miller* (3d Dist. 1978) Ind.App., 381 N.E.2d 1087, the court stated that it did not believe that the trial judge had necessarily weighed the evidence in reaching its decision, but that even if he had, the error was harmless under *Fielitz v. Allred, supra.* Judge Staton went on to declare:

"Additionally, this Court believes that weighing is permissible (and proper) *in all cases* where the TR. 41(B) motion is made after the plaintiff has rested. Weighing is mandated under the federal rules; and weighing is the only logical purpose for the rule in Indiana. The plain language of the rule is that

'considering all the evidence and the *reasonable inferences therefrom* in favor of the party to whom the motion is directed, to be true, there is no *substantial* evidence of *probative* value to sustain the material allegations of the party against whom the motion is directed. The court *as trier of the facts may then determine them* and render judgment against the plaintiff . . .' (Emphasis added.)

Cases construing this rule in the past have either misquoted the rule or have incorrectly equated TR. 41(B) with TR. 50. The trial rules are to be construed to secure the just, speedy, and inexpensive determination of every action. TR. 1. In a trial to the court, it is nonsense (and a waste of judicial time) to require a judge to sit through a presentation by the defendant when the plaintiff has failed to present a convincing case. If the rule had not intended that the trial judge weigh the evidence in ruling upon a TR. 41(B) motion, we cannot comprehend why the rule utilizes so many judgment words ('reasonable', "substantial", 'probative') and especially designates the court as 'trier of the facts' who is to 'determine them'. Determine means weigh and decide." *Puckett v. Miller, supra* at 1091 (footnotes omitted).

Judges Chipman and Hoffman, however, made it clear that they concurred on the TR

41(B) issue only upon the harmless error rationale of *Fielitz.*

These cases and the interpretation given to TR 41(B) have been severely criticized by one respected commentator:

"The effect of these decisions means that Indiana trial courts are denied the ability and legal authority to determine, when trial is to the trial court without a jury, whether a plaintiff, or a party with the burden of proof, has established a right to recovery by a preponderance of the evidence during his case-in-chief. Under this interpretation a mere prima facie showing will require a defendant to put on its or his evidence.

This line of cases confronts almost all federal decisions to the contrary, they are historically unsound and poorly considered, they unduly complicate civil trial court dockets, they strike from the hands of a trial judge the important authority to control a case and fairly so among the parties, and, worst of all, they deny to a trial judge when trial is to the court the same power a jury has when trial is to the jury, which is to disbelieve a prima facie case and find for the opposite party who is without the burden of proof, as shown in *State ex rel. Peters v. Bedwell,* 1978, Ind., 371 N.E.2d 709.

Nevertheless the Indiana Court of Appeals has persisted in its holdings. In that, it has at least the virtue of being consistently incorrect." 3 Harvey, *Indiana Practice,* 13–14 (1979 Supp.)

In the instant case, we cannot defer to the doctrine of harmless error. Not only did the trial court not weigh the evidence, it overruled Anderson's TR 41(B) motion. The trial court, adhering to the constraints placed upon it, determined that there was substantial evidence of probative value to sustain the material allegations of the plaintiff's complaint. Nevertheless, the trial judge apparently determined that this substantial evidence of probative value did not rise to the level of proof by a preponderance of the evidence. By advising Anderson of her determination, the trial judge evidently believed she could shed the shackles of TR 41(B) and don the mantle of the trier of fact, in which she would be free to weigh the evidence and determine in which direction it preponderated.

■ The question before us, then, is whether, as Ferdinand Furniture asserts, and Dean Harvey's comment reluctantly intimates, a defendant must introduce evidence after the trial court has determined, by overruling a TR 41(B) motion, that there is substantial evidence of probative value to support the plaintiff's claims or suffer judgment against him. We think not.

■ When the trial court overrules a TR 41(B) motion, it has determined that the plaintiff has presented a prima facie case. This fact, however, does not inescapably lead to the conclusion that he has proved that case by a preponderance of the evidence. Our Supreme Court stated in *State ex rel. Peters v. Bedwell* (1978) Ind., 371 N.E.2d 709, 712:

"Where there is any dispute on the operative facts, the jury is the finder of fact, and it may choose to believe or disbelieve any witness. *A party with the burden of proof may establish a prima facie case and the jury may, nonetheless, find against him.*" (Emphasis supplied.)

The jury, as the trier of fact, must weigh the evidence, draw any reasonable inferences, resolve conflicts in the evidence, determine the credibility of witnesses and decide in whose favor the evidence preponderates. *Cox v. Winklepleck* (1971) 149 Ind.App. 319, 271 N.E.2d 737; *Leader v. Bowley* (1961) 132 Ind.App. 528, 178 N.E.2d 445; *Gates v. Petri* (1957) 127 Ind.App. 670, 143 N.E.2d 293. Similarly, in a case tried by the court, it, as trier of fact, may reconcile, reject or accept, and weigh the evidence and determine the credibility of witnesses. *Pepka v. Branch* (2d Dist. 1973) 155 Ind.App. 637, 294 N.E.2d 141; *General Electric Co. v. Fuelling* (1968) 142 Ind.App. 74, 232 N.E.2d 622; *Newton v. Cecil* (1955) 125 Ind.App. 416, 124 N.E.2d 713. These powers and duties imposed on the trial judge as trier of fact must, as with a jury, include the right to find against a party who established a prima facie case.

We recognize that our holding may appear to permit indirectly what the rule prohibits being done directly. We have construed TR 41(B) within the narrow confines of Indiana case precedent. That construction, however, does not preclude the trial judge from making its ultimate fact determination on the merits of the cause as it did in this case.

## III.

## IS THE JUDGMENT CONTRARY TO LAW?

In light of its ruling on the TR 41(B) motion, the trial court's finding for Anderson at the close of all the evidence must be interpreted as a determination that Ferdinand Furniture did not carry its ultimate burden of persuasion. This negative judgment prescribes the scope of our review on appeal. The court in *Pierce v. Yochum* (1st Dist. 1975) 164 Ind.App. 443, 446, 330 N.E.2d 102, 104, set out the standard we apply:

> "At the outset, we find it necessary to set out the standards of appellate review which guide us in considering this appeal. The Pierces failed to carry their burden of proof in the trial court. Thus, they appeal a 'negative judgment' and, therefore, in addressing the various arguments, we not only consider the evidence most favorable to Yochums, but can reverse only if we find the judgment contrary to law. *Ver Hulst v. Hoffman* (1972), Ind.App., 286 N.E.2d 214; *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669. The judgment below will be considered contrary to law only where the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *Pokraka, supra; Apple v. Apple* (1973), [155] Ind.App., [7], 301 N.E.2d 534. Stated differently, the decision may be contrary to law where it clearly appears reasonable men could not have reached the conclusion of the trial court. *Senst v. Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573."

Ferdinand Furniture contends that the evidence does lead to but one conclusion and the trial court reached an opposite conclusion. Its expert witness, Ed McLean, testified as to Anderson's failure to exercise due care and good engineering judgment in the design, the construction or fabrication of the heating unit, the danger and defects of the heating unit, the cause of the fire in relation to the heating unit, its fitness for the intended use, and the absence of proper safety devices. Ferdinand Furniture asserts that since this testimony was not refuted by any other expert witness, it should be believed absolutely, taken without question and findings of facts and judgments in conflict therewith should not be allowed to stand.

Ferdinand Furniture analogizes the instant case to *Beaman v. Hedrick* (1970) 146 Ind.App. 404, 407, 255 N.E.2d 828, 830, in which the court stated:

> "The testimony of a trained physician who has examined and treated a patient concerning matters peculiarly within the medical realm cannot be controverted by lay opinion or by judicial speculation or inference."

*Beaman* does not require expert testimony to be directly refuted by another expert witness. Closer examination of the case, a paternity action, discloses that the trial court had based its finding of paternity on the doctor's testimony that such was possible, though not probable. The appellate court reversed for insufficiency of the evidence. *Beaman* merely requires that the trial court's decision be based upon substantial probative evidence and not be without factual basis.

Ferdinand Furniture further offers the following language from 31 Am.Jur.2d *Expert and Opinion Evidence* § 183 (footnotes omitted) (1967):

> "Thus, testimony of an expert witness on a subject calling for expert opinion is conclusive to the extent that it may not be contradicted by the testimony of a nonexpert witness. As it has been aptly stated, there is no room for the exercise of common knowledge as against the uncontradicted testimony of an expert."

That statement, however, merely recognizes the position taken in some cases from other jurisdictions and is preceded by the general statement of the rule which reads:

"There is, generally speaking, no rule of law which requires controlling effect or influence to be given to, and the court and jury are not required to accept in the place of their own judgments, the opinion testimony of expert witnesses, merely because of the special knowledge of the witnesses concerning the matters upon which they give their testimony. Expert opinions are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are generally regarded as purely advisory in character; the jury may place whatever weight they choose upon such testimony and may reject it, if they find that it is inconsistent with the facts in the case or otherwise unreasonable. The weight given to expert testimony is for the trier of the facts, who is not required to give it controlling influence." *Id.*

Our Supreme Court recently reminded us that "[t]he primary difference between expert and lay testimony is that an expert is given the power to state an opinion based on facts of which he may or may not have personal knowledge." *Johnson v. State* (1978) Ind., 380 N.E.2d 1236, 1238. The evidence of an expert witness is to be received by the Court or jury trying the cause under the same rules and in the same manner that evidence of other witnesses is received and must be weighed by the trier of facts, the same as other evidence is weighed; the trier of facts is not bound by an expert's opinion. *Temple v. Temple* (1st Dist. 1975) 164 Ind.App. 215, 328 N.E.2d 227. *See also Morris v. State* (1979) Ind., 384 N.E.2d 1022; *Combs v. National Veneer & Lumber Co.* (3d Dist. 1974) 160 Ind.App. 501, 313 N.E.2d 76; *Dudley Sports Co. v. Schmitt* (2d Dist. 1972) 151 Ind.App. 217, 279 N.E.2d 266; *Klinger v. Caylor* (1971) 148 Ind.App. 508, 267 N.E.2d 848.

McLean had testified that, on the morning of the fire, when the heater and thermostat called for heat, power went through the wire which activated the pilot valve. Due to temperature changes in the penthouse on the roof where the heater unit was located and vibration of the heater fan from April 1969 to June 18, 1970, the insulation on the wires to the pilot and main valves had been destroyed. Therefore, on the date of the fire, the vibration caused by the heater fan caused the two wires to touch intermittently. Since the two wires were no longer properly insulated, a short circuit developed when they came into contact with each other. When the wires touched, power also went to the main valve. When they separated, the springloaded main valve closed. This opening and closing produced a fluttering sound that some man had told McLean he had heard on the morning of the fire. The main valve opened simultaneously with the pilot valve and too much gas was introduced into the system.

Anderson's cross-examination of McLean was vigorous and detailed, attacking the basis for his opinion and conclusions on many points. Cross-examination disclosed that McLean did not know what type of insulation was on the wires and that his conclusion as to the range of temperatures inside the penthouse that would cause this unknown insulation to deteriorate, was not based upon any computations, but upon common knowledge and his experience with the attic in his personal residence on a hot day in the summertime. McLean testified that he had discovered a wire that led to the junction box had melted and that since copper wire does not melt in an "ordinary" wood or asphalt fire, it had to have been melted by the short circuit. Cross-examination brought out that the steel base to the ventilation fan motor had melted and that the melting point of steel is considerably higher than that of copper, the intended implication being that if the ordinary wood and asphalt fire was hot enough to melt steel, it was hot enough to melt a copper wire. Furthermore, the man who informed McLean of the fluttering did not testify nor was he identified. The workers in the vicinity of the oven that did testify said they

heard nothing. Art Ruhe, general manager of Ferdinand Furniture, testified that because of the noise in the plant, it would not have been possible for anyone in the plant to hear the burner go on and off or flutter.

While these and other contradictions might not, as Anderson urges have totally discredited McLean's testimony, they properly could have had some bearing on the weight attributed by the trial judge to the testimony. The evidence does not lead to but one conclusion opposite that of the trial court, nor does it clearly appear that reasonable men could not have reached the conclusion of the trial court. *Pierce v. Yochum, supra.* The decision is not contrary to law.

Appellee's motion that this court award damages in his favor equivalent to reasonable attorney's fees is denied.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.