**S & S TRUCK REPAIRS, Robert Stanfield and Donald Shifflitt, Appellants (Defendants Below),**

v.

**Roscoe MOFIELD, Appellee (Plaintiff Below).**

No. 09A02–8803–CV–00102.

Court of Appeals of Indiana, Second District.

Dec. 28, 1989.

C. Michael Cord, Kokomo, for appellants.

Jeffry G. Price, Peru, for appellee.

SHIELDS, Presiding Judge.

S & S Truck Repairs appeals a verdict awarding Roscoe Mofield damages on the theory that S & S negligently repaired his truck's engine.[1]

We reverse.

## ISSUE

Whether the evidence is legally insufficient to establish S & S's negligence proximately caused Mofield's injury.[2]

## FACTS

In April 1982, Mofield took his truck to S & S for an in-chassis engine overhaul. Mofield picked up the truck from S & S in early June of 1982. Over the next few months, Mofield experienced numerous problems with the truck's engine leaking water. Each time Mofield experienced a leak he would take the truck to be repaired, usually at S & S.

In late August 1982, Mofield's truck sprang a leak from the back of its engine. Around September 5th, he took the truck to S & S for repair of the leak. Mofield testified that S & S fixed the leak by replacing an o-ring in the pipe connected to the after cooler on the back of the engine (pipe assembly) and "put it back together." Record at 250.

On September 8th or 9th, while on the road, Mofield noticed a leak around the pipe assembly. As a temporary measure to stop the leaking, he poured a can of radiator sealant into the cooling system. On September 13, in Phillipsburg, Kansas, he again discovered a leak around the pipe assembly. Mofield took the truck to Saunders Leasing in Phillipsburg for repair.

After the Saunders mechanic replaced the o-ring and connected the pipe assembly, he filled the engine with water and ran the truck in the garage for fifteen or twenty minutes without any noticeable leaking. However, after driving the truck a few miles, Mofield smelled water and noticed the engine was "running a little warm." Record at 265. He pulled the truck over, raised the hood, and saw leaking around the pipe assembly. Mofield elaborated on cross-examination:

Q That was right back where the mechanic had worked, wasn't it?

A Yes.

Q Was the pipe still in place?

A Yes.

Q And you could see a stream of water coming out?

A Yes, a small stream of water.

Record at 325.

Mofield began driving back to Saunders's. After he traveled approximately one mile, he noticed the truck's temperature gauge was rising. He intended to turn off the truck's engine when the gauge reached two hundred degrees. However, as the gauge reached that mark the engine shut down before Mofield could stop it. Mofield exited the truck, raised the hood, and saw "that pipe dangling." Record at 266. The pipe's brace was "bent up out of the way." *Id.*

Q Did you look back to where you knew the leak was where—

A Yes, sir.

Q That's where the water had been streaming out and you saw the pipe dangling, didn't you?

A Yes, sir.

Q That's the very pipe that the mechanic in Saunders Leasing had put in there for you?

A Yes, sir.

Record at 327–28.

At the close of Mofield's case in chief and again at the close of its defense, S & S moved for judgment under Indiana Rules of Trial Procedure, Trial Rule 50(A), on the ground that Mofield's evidence was insufficient to establish proximate cause. The trial court denied the motion and the jury

---

1. Mofield originally brought suit alleging breach of contract and negligence; however, the appellate issues he raises implicate only his claim of negligence.

2. Because of our resolution of this issue we do not address S & S's other claims.

returned a verdict in favor of Mofield for $35,500.00 and costs.

## DISCUSSION

S & S argues that Saunders's work on the pipe assembly is an intervening act which prevents S & S's negligence from being the proximate cause of Mofield's injury.

Mofield claims the evidence that the pipe in the back of his engine continued to leak after S & S repaired it, and that his engine subsequently lost water and overheated, is sufficient to support an inference that S & S's negligence proximately caused his injury.[3] However, Saunders, not S & S, was the last to perform a repair on the pipe assembly. Although the pipe began to leak again after Saunders's repair, only then did it become disconnected, allowing the water to escape which resulted in the overheating and seizure of the engine. Further, the record is devoid of other evidence from which a reasonable fact finder could conclude S & S's negligence was of a nature that it could be the proximate cause of his injury which occurred after the repairs made by Saunders. Therefore, any risk of overheating created by S & S's repairs came to an end when the Saunders mechanic disconnected and reconnected the pipe assembly.

While S & S's apparent failure to seat the o-ring to prevent water leakage necessitated the Saunders repair, the injury caused by that repair is not a reasonably foreseeable harm arising from S & S's ini-

tial negligence. When a defendant's negligence merely creates a condition by which subsequent injury-producing acts of another are made possible, existence of the condition cannot be the proximate cause of injury. *Crull v. Platt* (1984), Ind.App., 471 N.E.2d 1211, *transfer denied; Slinkard v. Babb* (1953), 125 Ind.App. 76, 112 N.E.2d 876, *transfer denied.*

Generally, it is for the jury to determine whether an intervening cause is such as to break the causal connection between defendant's act and the injury. However, where the evidence supports but a single inference or conclusion, the proximate cause and intervening cause become questions of law. *Crull.* Because the undisputed evidence supports the single inference that Saunders intervened in an unforeseeable manner between S & S's act of negligence and the event occasioning Mofield's injury, the evidence is insufficient as a matter of law to establish S & S's negligence proximately caused Mofield's injury.

Judgment reversed.

CONOVER, J., concurs.

SULLIVAN, J., dissents without opinion.

---

**3.** Mofield also argues that S & S's reassurances it would take care of the problem constitute an admission of liability. However, the reassurances do not relate to tortious liability because they were made without first hand knowledge of the circumstances surrounding the engine overheating.