S & S TRUCK REPAIRS, Robert
Stanfield and Donald Shifflett,
Appellants,

v.

Roscoe MOFIELD, Appellee.

No. 09S02–9007–CV–472.

Supreme Court of Indiana.

July 23, 1990.

C. Michael Cord, Bayliff, Harrigan, Cord & Maugans, Kokomo, for appellants.

Jeffry G. Price, Peru, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

The trial court, by jury verdict, awarded Mofield $35,500 and costs because of faulty repairs on a truck engine. The Court of Appeals reversed that decision. *S & S Truck Repairs v. Mofield* (1989), Ind.App., 547 N.E.2d 906. We grant transfer, set aside the opinion of the Court of Appeals, and affirm the trial court.

The facts are: In April of 1982, Mofield's truck was taken to S & S where it received an in-chassis engine overhaul. The work was completed and Mofield started driving the overhauled truck in June of 1982.

However, Mofield continued to experience numerous problems with the truck's engine leaking coolant. Each time he experienced a leak he returned the truck to S & S. However, shortly after it would be returned to him he would again experience the same problems.

Mofield testified that S & S fixed the leak by replacing an o-ring in the pipe connected to the aftercooler at the back of the engine. In September of 1982, while near Phillipsburg, Kansas, Mofield again discovered the engine was leaking. He took the truck to Saunders Leasing in Phillipsburg for repair. Saunders essentially repeated the same process that had been done by S & S by replacing an o-ring in the pipe connected to the aftercooler. However, shortly after this repair and while driving on the road appellant discovered the engine again was leaking. Before he could get to a repair garage, the engine overheated and stalled.

■ The Court of Appeals reversed the case, holding that the attempted repair by Saunders Leasing in Phillipsburg was an independent intervening cause severing liability of S & S for the damage done to Mofield's truck. The Court of Appeals focused upon the failure of the o-ring replacement in the pipe to the aftercooler. However, there was ample evidence from which the jury could determine that the failure of the o-ring and subsequently of the pipe itself was not the primary cause for the leakage, which in fact was caused by excessive pressure of the coolant in the engine due to its improper overhaul by S & S. This is demonstrated by the fact that Mofield began experiencing the coolant loss problem immediately after the overhaul by S & S and that the replacement of the o-ring by S & S and by Saunders Leasing obviously did not cure the problem.

■ Where reasonable minds could draw different inferences from the evidence submitted, it is for the jury to make the determination of proximate cause. *Elder v. Fisher* (1966), 247 Ind. 598, 217 N.E.2d 847; *see also Sipes v. Osmose Wood Preserving Co.* (1989), Ind., 546 N.E.2d 1223, citing *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205.

It is improper for either this Court or the Court of Appeals to invade the province of the jury in weighing such evidence. *State ex rel. Peters v. Bedwell* (1978), 267 Ind. 522, 371 N.E.2d 709; *see also Snider v. Truex* (1943), 222 Ind. 18, 51 N.E.2d 477.

■ Appellants claim the trial court erred in giving its Final Instruction No. 11. They objected to the giving of the instruction because it contained the terminology "fair market value of Mr. Mofield's truck before the lockup of the engine in Kansas and the fair market value of the truck after the lockup of the engine in Kansas." Appellants claimed there was no evidence to support such an instruction. However, upon examination of the record, we find evidence that the fair market value of the truck before the lockup was $35,000 to $40,000 and that immediately after the lockup the value was $20,000. In addition, there was detailed evidence concerning the amount of money Mofield had spent in repairs on the truck and the earnings he had received by use of the truck from 1980 until 1984. There also was evidence as to the fact that appellant had been required to borrow money as a result of repairs to the truck.

■ Appellants also claimed the instruction should not be given because there was no evidence as to the amount of interest appellant paid on his loans. In the first place, the amount of damages awarded by the jury is accounted for by the loss of value in the truck and the out-of-pocket expenses without taking into consideration any unspecified interest which Mofield may have paid. In the second place, as observed by the trial judge, it is common knowledge that interest is paid when money is borrowed. The instruction made no mention of interest and there is nothing in the amount of the verdict that would indicate such was taken into consideration by the jury. We see no error in the giving of Instruction No. 11.

■ Appellants also objected to the giving of the court's Final Instruction No. 16, which informed the jury that they could take into consideration the concurrent neg-

ligence of S & S and Saunders Leasing. Appellants objected on the ground that the facts in the case did not support concurrent negligence. However, concurrent negligence was an inescapable issue presented to the jury. Each company had made repairs of a similar nature to the truck and S & S was arguing that the Saunders Leasing repair had been an independent intervening cause. It was well within the evidence of this case for the jury to consider whether each of the companies had played a part in the damage to the truck, whether in fact the repairs by Saunders Leasing were an independent intervening cause, or whether the primary overhaul by S & S had been defective and was the continuing and primary cause of the repeated difficulties Mofield had experienced following the overhaul of the truck. The giving of the court's Final Instruction No. 16 was proper.

Appellants also argue that the award of damages in the amount of $35,500 ordered by the jury was excessive. However, as pointed out above, the evidence submitted to the jury concerning the various expenses incurred by Mofield clearly supports the verdict of the jury.

Appellants claim the trial court erred in questioning witnesses. However, appellants concede that no objection was made at the time the court questioned the witnesses. Thus any error in this regard is waived. *Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111. Appellants argue that to have objected at the time of the court's questioning would have prejudiced them in the eyes of the jury. They claim the questioning of witnesses by the judge indicated to the jury that the judge believed the loss of engine coolant in Kansas was a result of faulty repairs made in Indiana. However, appellants cite us to no specific statement in the record from which such a conclusion could be reached. Although the judge did address questions to witnesses, it was the testimony of those witnesses that established facts from which the jury could make their decision. We perceive no misconduct on the part of the trial judge in this regard.

The Court of Appeals opinion is set aside and the trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., dissents without separate opinion.